# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**JAMES ENGLAND**
**ADC #160851**                                                                                                    **PETITIONER**

**V.**               **CASE NO. 5:19-CV-142-BRW-BD**

**WENDY KELLEY, Director**
**Arkansas Department of Correction**                                                         **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommended Disposition (Recommendation) has been sent to Judge Billy Roy Wilson. Any party to this suit may file written objections. To be considered, objections must be filed with the Clerk of Court within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If parties do not object, they may lose the right to appeal questions of fact. And, if no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.    Background:**

Following a jury trial on May 8, 2015, in Pulaski County, Arkansas, Petitioner James England was found guilty of one count of rape and two counts of incest and received an aggregate sentence of 15 years' imprisonment in the Arkansas Department of Correction. (Docket Entry #8-2 at 168-70) Mr. England appealed, and his conviction was affirmed by the Arkansas Court of Appeals on April 20, 2016. *England v. State*, 2016

Ark. App. 211 (#8-5). He neither sought to have the decision reconsidered nor to have the Arkansas Supreme Court review the decision. *England v. State*, CR-15-696.[1]

With counsel, Mr. England timely petitioned the circuit court on July 7, 2016, for post-conviction relief under ARK. R. CRIM. P. 37.1, raising numerous claims of ineffective assistance of counsel. (#8-8 at 173-82) The same day, he moved to file an amended and enlarged petition. (#8-8 at 184-85) The motion was granted, and the amended petition was filed on October 17, 2016. (#8-6, #8-8 at 186-210) On March, 29, 2017, the circuit court denied the petition for post-conviction relief. (#8-7)

Still represented by counsel, Mr. England timely appealed the denial of his petition to the Arkansas Court of Appeals. On February 21, 2018, the Court affirmed the circuit court's denial of post-conviction relief. *England v. State*, 2018 Ark. App. 137 (#8-11). Mr. England petitioned the Arkansas Supreme Court to review the decision; however, that petition was denied on April 19, 2018. *See England v. State*, CR-18-232.[2]

Mr. England initiated the instant petition on April 17, 2019, arguing that his trial counsel acted ineffectively when he failed to procure and introduce cellphone records into evidence at trial. (#1) He believes the phone records would have created doubt in the minds of jurors with regard to one victim's credibility. Respondent contends that Mr. England's claims are barred by the applicable statute of limitations or are, in any event, meritless.

---

[1] Docket sheet found at https://caseinfo.arcourts.gov/cconnect.

[2] Docket sheet found at https://caseinfo.arcourts.gov/cconnect.

2

**III.     Discussion:**

        A.     Statute of Limitations

The instant petition is untimely.[3] The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year limitations period for a state prisoner to file a federal habeas corpus petition under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The triggering date in this case was "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a criminal defendant fails to seek discretionary review of his criminal conviction in the state's highest court, his judgment becomes final when the time for seeking such review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012).

Here, Mr. England had 18 days from the April 20, 2018 decision of the Arkansas Court of Appeals, that is until May 8, 2016, to file a petition for review with the Arkansas Supreme Court. ARK. SUP. CT. R. 2-4(a) (stating petitions for review must be filed within 18 calendar days of the date of the decision by the Arkansas Court of Appeals). Because May 8th fell on a Sunday, however, the deadline rolled to May 9, 2016. See ARK. R. APP. P.–CRIM. 17. Therefore, the federal one-year limitation period began to run no later than May 10, 2016. Mr. England did not file his petition until April 17, 2019. Accordingly, there can be no dispute that Mr. England's petition is barred by the statute of limitations. 28 U.S.C. § 2244(d)(1)(A).

---

[3] Because Mr. England's claims are barred by the statute of limitations, there is no point in addressing the other argument raised by Respondent in her response.

B.     Tolling

The federal habeas statute provides for tolling during the pendency of a "properly filed application for State post-conviction or other collateral relief." 28 U.S.C. § 2244(d)(2). Furthermore, while the limitations period in §2244(d)(1) is subject to equitable tolling, *Holland v. Florida*, 560 U.S. 631, 645 (2010), to benefit from that relief, a petitioner must show that he pursued his rights diligently but that some extraordinary circumstances stood prevented a timely filing. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

When Mr. England timely filed his proper Rule 37.1 petition with the circuit court on July 7, 2016, the statute of limitations was tolled with respect to his habeas claim until the Arkansas Supreme Court entered its order denying his petition for review on April 19, 2018. 28 U.S.C. § 2244(d)(2). As a result, the time for filing a petition under 28 U.S.C. § 2254 began running again, at the latest, on April 20, 2018.

Mr. England believes his petition, filed on April 17, 2019, is timely filed. However, he erroneously neglects to account for the 58-days that ran between his direct appeal becoming final and the limitations period being tolled on July 7, 2016. Subtracting the 58-days from the one-year limitation period, he had 307 days, or until February 21, 2019, to timely file his habeas petition. Mr. England does not allege that extraordinary circumstances prevented him from filing a timely habeas petition; and he does not point to any action or circumstance attributable to the State – or to any other cause – that prevented him from bringing a timely habeas petition. Consequently, he is not entitled to equitable tolling.

C.     Actual Innocence

The United States Supreme Court has held that actual innocence, if proved, serves as a gateway through which a petitioner may pass to overcome the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The *McQuiggin* Court cautioned, however, that "tenable actual-innocence gateway pleas are rare," and held that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

The actual-innocence exception requires a habeas petitioner to come forward with new, reliable evidence that was not available at trial and would not have been discovered through the exercise of due diligence. *Nash v. Russell*, 807 F.3d 892, 899 (8th Cir. 2015); (citing *Kidd v. Norman*, 651 F.3d 947, 953 (8th Cir. 2011), *cert. denied*, 568 U.S. 838 (2012)). Here, Mr. England did not reply to Respondent's assertion that his habeas petition is barred by the statute of limitations and, therefore, has not argued actual innocence.

Even if Mr. England had raised actual innocence as grounds to overcome the statute of limitations bar, he has not come forward with new evidence to establish his actual innocence. The cellphone records that he complains his trial counsel failed to introduce were his own phone records. Thus, it is illogical to contend that Mr. England's records were either unknown or unavailable at the time of trial. And, his contention that the records would have raised doubt in the minds of jurors about the credibility of just

one of his two victims does not meet the strenuous test that "no juror, acting reasonably, would have found him guilty." *McQuiggin*, 569 U.S. at 386.

## IV. **Certificate of Appealability:**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. *See* Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. England has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c) (1)-(2). In this case, Mr. England has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

## V. **Conclusion:**

Mr. England's petition is time barred. Accordingly, the Court recommends that his petition for writ of habeas corpus (#1) be DISMISSED with prejudice. The Court further recommends that no certificate of appealability be issued.

DATED this 14th day of June, 2019.

_____
UNITED STATES MAGISTRATE JUDGE